# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WILLIAM H. EVANS, JR.,

      Petitioner,

      v.

U.S. MARSHAL SERVICE,

      Respondent.

CASE NO. 2:17-CV-424
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the Court on the *Petition*, the *Return to Order to Show Cause*, Petitioner's *Reply*, and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**. In addition, Petitioner's *Motion to Change Venue* (ECF No. 28) is **DENIED**.

## Facts and Procedural History

Petitioner is currently serving a state prison term of fifteen years to life at the Ross Correctional Institution located near Chillicothe, Ohio. Petitioner asserts that, in January 2014, he discovered that on July 11, 2008, the U.S. Marshals Service in the District of Columbia placed a federal detainer against him. Petitioner seeks removal of this detainer from his records. He asserts that the presence of this detainer will prevent his release. "[W]ith Evans's record stating this "detainer", it automatically would spook or scare any Ohio State official, intimidating them into refraining from ever setting Evans free. Causing him to essentially be guaranteed a sentence of 'Life without parole[.]'" *Supplement to Reply and Traverse to Respondent's Return* (ECF No. 16); *see also Entry of Evidence in Support of Motion to Alter or Amend* (ECF No. 21.) Petitioner

has filed a motion requesting that the Court transfer the case back to the United States District Court for the District of Columbia, where he originally filed this § 2241 petition. On May 16, 2017, that Court transferred the case here. (ECF No. 27.) Petitioner argues, as he did previously, that this action should properly be considered in the District Court for the District of Columbia, because that is where he claims the Marshals Service lodged a detainer against him.[1]

This is not Petitioner's first § 2241 petition. In September 2014, Petitioner filed a prior habeas corpus petition in this Court in which he raised the same allegations he now raises in this action. The Court dismissed that action. *Evans v. United States Marshals Service*, No. 2:14-cv-1451, 2015 WL 1476654 (S.D. Ohio March 31, 2015). On May 3, 2016, the United States Court of Appeals for the Sixth Circuit affirmed the *Judgment* of this Court. *Evans v. Warden, Ross Corr. Inst.,* Case No. 15-3373.

"A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). Under the provision of 28 U.S.C. § 2241(a), "[a] petition for habeas corpus must be filed in the district court that has jurisdiction over a prisoner's place of confinement." *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003). "[I]n habeas challenges to present physical confinement, 'the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent. . . . By definition, the immediate custodian and the prisoner reside in the same district.'" *Hopper v. Ohio Dep't of Corrs.,* No. 1:14-cv-652, 2015 WL 671985, at *3 (S.D. Ohio Feb. 17, 2015) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 445 (2004)). However, where a petitioner

---

[1] The record does not support this allegation. *See Memorandum Opinion* (Doc. 18, PageID# 89-91.)

challenges "a form of 'custody' other than present physical confinement," "[the proper] respondent [is] the entity or person who exercises legal control with respect to the challenged 'custody'." *Holley v. Brown*, No. 13-23-WOB, 2013 WL 951547, at *2 (E.D. Ky. Mar. 7, 2013) (citing *Padilla,* 542 U.S. at 439). *See Braden v. 30th Judicial Circuit Court of Ky*., 410 U.S. 484 (1973). As discussed by the United States District Court for the District of Columbia,

> Evans' petition. . . is easily distinguished from the one involved in Braden. The petitioner there was an Alabama prisoner challenging a Kentucky indictment in federal court in Kentucky. See 410 U.S. at 485. The Supreme Court permitted him to proceed in Kentucky federal court to challenge custody that would have occurred there; absent that ruling, he would have been whipsawed by the operation of habeas jurisdictional rules. . . which would have denied him access to any court in which to bring his petition – leaving him in a "Catch 2254." Id. at 488, 493-500. Evans, in contrast, is not arguing that the detainer would lead to USMS's taking custody of him; he claims only that it might cause Ohio to delay his release.

*Memorandum Opinion* (ECF No. 18, PageID# 93-94.) Moreover, that decision now constitutes the "law-of-the-case," and this Court therefore will not now reconsider the issue here. "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Pepper v. United States,* 562 U.S. 476, 506 (2011) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). "The law-of-the-case doctrine has been applied to habeas cases in various contexts." *Pacheco v. Harry*, No. 08-cv-13245, 2011 WL 1233379, at *8 (E.D. Mich. March 30, 2011) (citing *Crick v. Smith*, 729 F.2d 1038, 1039 (6th Cir. 1984)). The rule promotes finality and efficiency of the judicial process by "'protecting against the agitation of settled issues.'" *Christianson v. Colt Indus. Operating Corp*. 486 U.S. 800, 816 (1988) (quoting *1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice* ¶ 0.404[1], p. 118 (1984)). Federal courts routinely apply the doctrine to transfer decisions of coordinate courts. *Id*. "Indeed, the policies

supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.* (citations and footnote omitted).

Further, as discussed, Petitioner has raised the identical claim he now raises herein in a prior § 2241 action filed in this Court. This action therefore constitutes a second, or successive habeas corpus petition. "A 'successive petition' raises grounds identical to those raised and rejected on the merits on a prior petition." *Rosales-Garcia v. Holland,* 322 F.3d 386, 398 (6th Cir.) (*en banc*) (quoting *Schlup v. Delo*, 513 U.S. 298, 318 n. 34 (1995) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1986)), *cert. denied sub nom. Snyder v. Rosales-Garcia*, 539 U.S. 941 (2003)). Further, "[u]nder the AEDPA, which took effect on April 24, 1996, strict gatekeeping provisions restrict the ability of federal courts to hear successive § 2254 habeas petitions." *Long v. Commonwealth of Kentucky*, 80 F. App'x 410, 413 (6th Cir. 2003) (citing 28 U.S.C. §§ 2244(a) & (b) (2000); *Felker v. Turpin*, 518 U.S. 651, 662-63 (1996); *Holland,* 322 F.3d at 398), *cert. denied, 540 U.S. 1221 (2004).* A district court lacks jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive petition. 28 U.S.C. § 2244(b); *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). The United States Court of Appeals for the Sixth Circuit has held that the provisions of § 2244 restricting the filing of successive petitions apply to petitions filed under § 2241. *Rittenberry v. Morgan*, 468

F.3d 331, 336 (6th Cir. 2006) (citations and footnote omitted), *cert. denied*, 549 U.S. 1353 (2007).[2] Therefore, this action appears to be subject to dismissal on this basis.

Moreover, this action remains subject to dismissal on the same basis that it was in March 2015, when this Court dismissed Petitioner's prior § 2241 petition. Petitioner has failed to establish that he is "in custody" so as to obtain federal habeas corpus review. Accordingly, this Court lacks jurisdiction to consider the case. As previously discussed by this Court,

> A habeas petitioner must be "in custody" on the conviction under attack at the time of the filing of his petition in order to pursue habeas corpus review. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). This requirement is jurisdictional.
>
> If a petitioner does not meet the "in custody" status at the time of the filing of the petition, the district court lacks jurisdiction to consider the case. *See Umbarger v. Bureau of Immigration and Customs Enforcement,* No. 12–cv–15600, 2013 WL 3944431. at *2 (E.D.Mich. July 31, 2013) (citing *Maleng*, 490 U.S. at 490–91); *Umbarger v. Michigan*, No. 12–cv–705, 2013 WL 444024 (W.D.Mich.Feb.5, 2013). " 'The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ.' "). *Guzman–Rivera v. Immigration and Custom Enforcement*, No. 3:13–cv–767, 2013 WL 5555272 at *3 (M.D.Term. Oct. 8.2013) (concluding that a detainer is only a notice and does not alter the prisoner's status as a custodial detainee) (quoting *Campillo v. Sullivan*, 853 F.2d 593, 595 (8 th Cir.1988)).
>
>> The Supreme Court has interpreted this language to require that the "petitioner be 'in custody" under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack.

---

[2] *But see Holland*, 322 F.3d at 399, applying pre-AEDPA law governing successive habeas petitions to determine whether to hear a successive action under 28 U.S.C. § 2241 by an alien challenging his detention by the Immigration and Naturalization Service.

> *Paul v. United States*, No. 1:12–cv–1227, 2013 WL 1411226 at *2 (N.D.Ohio April 8, 2013) (citing *Garlotte v. Fordice*, 515 U.S. 39, 41, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995)). The nature of a detainer has been described as follows:
>
>> A detainer is described as a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516. 719. 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). This concept is crucial to Petitioner's request for habeas relief because a detainer does not represent the basis upon which a prisoner is actually held in confinement. *Curtis v. United States*, 123 Fed. Appx. 179, 183, No. 03–6411, 2005 WL 89057 (6th Cir.18 Jan. 2005). Instead, the issuance of a detainer suggests the prisoner is incarcerated on other charges. Id. The detainer assures the prisoner will not be released before the authority issuing the detainer can obtain future custody on the charges referenced in the detainer. *Id*.
>
> *Tunanidas v. Folino,* No. 4:10–cv–1263. 2011 WL 693227 at *1 (N.D.Ohio Feb.18, 2011) (a challenge to a detainer, and not the execution of the sentence currently being served, fails to satisfy the "in custody" requirement of 28 U.S.C. § 2241(c)(3)) (quoting *Worrel v. Shartle*, No. 4:10 cv 2005, 2011 WL 129631, at *2 (N.D.Ohio Jan. 13. 2011)).

*Evans v. United States Marshals Serv.*, No. 2:14-cv-1451, 2015 WL 1476654, at *2 (S.D. Ohio Mar. 31, 2005). Further, the United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of the case based on lack of jurisdiction. *See Evans v. Warden, Ross Corr. Inst.,* Case No. 15-3373 ("[t]he USMS detainer does not satisfy the 'in custody' requirement of § 2241 because a detainer assumes that the prisoner is incarcerated on other charges and only 'ask[s] the institution either to hold the prisoner for the agency or to notify the agency when

release of the prisoner is imminent") (citing *Carchman v. Nash,* 473 U.S. 716, 719 (1985); *Norton v. Parke*, 892 F.2d 476, 477 n.1 (6th Cir. 1989), *cert. denied*, 494 U.S. 1060 (1990)).

## Disposition

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**. In addition, Petitioner's *Motion to Change Venue* (Doc. 28) is **DENIED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

7

**IT IS SO ORDERED**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE