IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William H. Evans, Jr.,

    Petitioner,

    v.                              Case No. 2:17-cv-424

U.S. Marshal Service,

    Respondent.

ORDER

This is an action for a writ of habeas corpus under 28 U.S.C. §2241 brought by William H. Evans, Jr., a state inmate currently serving a sentence of incarceration at Ross Correctional Institution. Petitioner seeks removal of a detainer allegedly placed against him by the U.S. Marshal's Service in the District of Columbia on July 11, 2008. Petitioner alleges that this detainer will prevent his release from state custody. Petitioner originally filed the instant action in the United States District Court for the District of Columbia. On April 11, 2016, that court concluded that it lacked jurisdiction over the petition because petitioner is confined in Ohio, and transferred the above action to the Southern District of Ohio. See Docs. 17 and 18. On October 10, 2017, the magistrate judge filed a report and recommendation recommending that this action be dismissed. The magistrate judge also issued an order denying petitioner's motion to change venue back to the District of Columbia.

This matter is before the court for consideration of plaintiff's objections (Docs. 33, 34, and 35) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As the magistrate judge noted, petitioner challenged the alleged detainer in a previous §2241 petition filed in this court. See William Evans, Jr. v. Warden, Ross Correctional Inst., 2:14-cv-1451. This court concluded that the lodging of a detainer did not place petitioner "in custody" for purposes of conferring jurisdiction on this court under §2241. Case No. 2:14-cv-1451, Doc. 8, p. 6. In a decision filed on May 3, 2016, the Sixth Circuit Court of Appeals agreed that petitioner was not "in custody" based on the detainer and affirmed the dismissal of the petition. See William Evans, Jr. v. Warden, Ross Correctional Inst., Case No. 15-3373 (6th Cir. May 3, 2016), Case No. 2:14-cv-1451, Doc. 16.

The magistrate judge concluded that this court lacks jurisdiction to consider the instant petition on the same ground previously upheld by the Sixth Circuit, namely, because petitioner is not "in custody" for purposes of §2241 by reason of the detainer. This court agrees that it does not have jurisdiction to entertain the instant action. However, the magistrate judge also noted that the instant action constitutes a second or successive habeas corpus petition, and that the Sixth Circuit has held that the provisions of 28 U.S.C. §2244 restricting the filing of successive petitions apply to petitions filed under §2241. See

2

Rittenberry v. Morgan, 468 F.3d 331, 336 (6th Cir. 2006). The court concludes that the petition should be transferred to the Sixth Circuit Court of Appeals as a second or successive petition.

The court sees no basis for vacating the magistrate judge's order denying petitioner's motion to transfer venue back to the District of Columbia. The determination of the District of Columbia court that venue is proper in the Southern District of Ohio is the law of the case. In any event, this court agrees with District of Columbia court that venue under §2241 is proper in the Southern District of Ohio.

Petitioner has filed objections to the report and recommendation, and moves for a declaratory judgment that the detainer has been withdrawn or was never valid. However, this court also lacks jurisdiction to enter a declaratory judgment. Nothing in petitioner's objections convinces this court that the magistrate judge's conclusions and discussion of the law applicable to this case were erroneous.

III. Conclusion

Having reviewed the report and recommendation, the court finds that petitioner's objections are without merit. For the foregoing reasons, the court overrules petitioner's objections and adopts the magistrate judge's report and recommendation (Doc. 32). This action is transferred to the Sixth Circuit Court of Appeals as a second or successive petition.

Date: October 19, 2017         s/James L. Graham
                               James L. Graham
                               United States District Judge