IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM H. EVANS, JR.,

  Petitioner,

 v.

U.S. MARSHALS SERVICE,

  Respondent.

CASE NO. 2:17-CV-424
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Petitioner, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the Court for consideration of the Petition (ECF No. 1), Respondent's Return (ECF No. 10), Petitioner's Traverse (ECF No. 14), Petitioner's Supplement to his Traverse (ECF No. 16), and the exhibits filed by the parties. For the reasons that follow, it is **RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED** and this action be **DISMISSED without prejudice**.

Also before the court is Petitioner's Motion to Re-open This Case. (ECF No. 46). That motion is **DENIED** in light of this Order and Report and Recommendation.

### Facts and Procedure

This is Petitioner's fourth federal habeas action. Petitioner previously filed two actions under § 2241, one in the Eastern District of Virginia and one in the District of Columbia, which were both transferred to this Court's Western Division where they were dismissed for failure to prosecute. *See Evans v. United States Marshals Service*, No. 1:15-cv-677, S.D. Ohio; *Evans v. United States Marshals Service*, No. 1:14-cv-00912, S.D. Ohio. Petitioner also filed a third action under § 2241 in this Court's Eastern Division on September 4, 2014. *Evans v. Warden,*

*Ross Corr. Inst.,* 2:14-cv-01451, S.D. Ohio. That action was dismissed because Petitioner could not establish that he was "in custody," and thus, this Court lacked jurisdiction to entertain his habeas claims. The Sixth Circuit Court of Appeals affirmed that decision. *Evans v. Warden, Ross Corr. Inst.,* Case No. 15-3373, 2016 U.S. App. Lexis 23981, at *5 (6th Cir. May 3, 2016).

Petitioner filed the instant action in the District of Columbia on October 1, 2015, before it was transferred to this Court on May 16, 2017. (ECF Nos. 1, 27.) Like its predecessors, the current petition alleges that Petitioner was incarcerated at Ross County Correctional Institute ("RCCI"). (ECF No. 1, at PAGE ID #1.) Like the others, this petition alleges that in January of 2014, while he was incarcerated at RCCI, Petitioner discovered that a detainer lodged by Respondent had been placed in his Ohio Department of Rehabilitation and Correction ("ODRC") inmate records on July 11, 2008. (ECF No. 1, at PAGE ID # 1.) In every case, Petitioner alleges that the detainer is unauthorized and that it could have an adverse impact on his future parole eligibility. (*See* ECF No. 16, at PAGE ID # 84.) Petitioner asks this Court to order that the detainer be removed from his records or that he be promptly brought to trial on it. (ECF No. 1, at PAGE ID # 3.)

Respondent asserts that on June 3, 2008, it filed a notice of investigation with the Inmate Records Office at RCCI indicating that Respondent was investigating whether Petitioner posed a threat to anyone under Respondent's protection. (ECF No. 10-2, at PAGE ID # 44.) Respondent further asserts that the investigation notice is not a detainer as the term is commonly understood because it is not based on an arrest warrant or an indictment in another case, nor does it request that Petitioner be detained until he can be taken into custody by another agency. *Id.*

On October 19, 2017, this Court transferred the instant action to the Sixth Circuit so that Petitioner could seek authorization to file a successive petition. (ECF No. 36.) On March 21,

2018, the Sixth Circuit remanded this matter for further proceedings, explaining that unlike a petitioner who seeks relief under 28 U.S.C. § 2254, a petitioner who seeks relief under § 2241 is not required to obtain authorization for a successive petition. ECF No. 44, *In re William H. Evans*, No. 17-4105, (6th Cir. March 20, 2018). The Sixth Circuit further explained that although Petitioner argued on appeal that the investigation notice/detainer has been withdrawn, "to the extent that a detainer exists, Petitioner is not 'in custody' pursuant to it." *Id*. (citing *Evans,* 2016 U.S. App. Lexis 23981, at *5).

On April 13, 2018, Petitioner filed a Notice of Change of Address, indicating that he had been transferred from RCCI to a facility located in Mahoning, County, Ohio. (ECF No. 45.) On April 23, 2018, Petitioner filed a Motion to Re-open This Case in light of the Sixth Circuit's remand. (ECF No. 46.)

**Law and Analysis**

Petitioner has been transferred to a facility in Mahoning County, Ohio, which is located in the Northern District of Ohio. A court only has jurisdiction over a habeas corpus petition, however, if it has personal jurisdiction over the petitioner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("the writ of habeas corpus does not act upon the prisoner who seeks relief but upon the person who holds him in what is alleged to be unlawful custody"); *Jenkins v. United States*, 4 F. App'x 241, 242 (6th Cir. 2001) (upholding dismissal of a § 2241 petition because district court did not have personal jurisdiction over the petitioner's custodian.) This Court does not possess personal jurisdiction over the facility in Mahoning County where Petitioner is currently incarcerated. For that reason, the Undersigned

concludes that the Southern District of Ohio is no longer the proper forum for this action.[1] Nevertheless, the Undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** instead of transferred to the Norther District pursuant to 28 U.S.C. § 1406(a) because Petitioner's habeas action fails no matter where it is adjudicated.

The federal habeas statute states that "the writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3) (emphasis added). Accordingly, a district court does not have jurisdiction to consider a case unless a petitioner is "in custody" under the conviction or sentence under attack at the time his petition is filed, *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989), or is under a consecutive sentence imposed at the same time as the conviction or sentence under attack, *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). In addition, the law–of–the–case doctrine provides that "'a decision made by a court at one stage of a case should be given effect in successive steps of the same litigation.'" *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010) (quoting *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). This doctrine renders a determination by a court of appeals binding upon a district court in subsequent stages of the same litigation, and thus generally bars district courts from reconsidering issues that courts of appeals

---

[1] Petitioner named the USMS as the Respondent in this habeas action rather than his physical custodian. Nevertheless, Petitioner does not claim that the USMS either has or would ever take custody of him pursuant to the notice of investigation/detainer. Instead, Petitioner alleges that his current custodian may delay his release at a parole hearing because of the investigation notice/detainer. Technically, that appears to be a claim that should have been made against Petitioner's custodian. On the other hand, Petitioner does claim that USMS wrongfully lodged a detainer against him and he asks that this Court order the USMS to remove it. Although such relief might be available in an action against the USMS for mandamus, such relief is simply not available under the habeas statutes. Indeed, a number of procedural complexities in this case appear to stem from the fact that Petitioner has asserted a habeas claim against the wrong party, or made a claim against the correct party but under the wrong legal theory.

4

have explicitly or impliedly resolved. *Id*. (citing *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006)).

In this litigation, the Sixth Circuit has explicitly determined that Petitioner is not "in custody" pursuant to the investigation notice/detainer. (ECF No. 44, at PageID # 228.) Under the law-of-the-case doctrine, this Court is, and a transferee court would be, bound by that determination. Because Petitioner cannot establish that he is in custody pursuant to the investigation notice/detainer, this Court does not have, and a transferee court would not have jurisdiction over Petitioner's habeas action. It is therefore, **RECOMMENDED** that the petition be **DENIED** and that this action be **DISMISSED without prejudice**.

The recommendation to dismiss is bolstered by the fact that Petitioner's claim appears to have been has been mooted. While litigating this matter in the Sixth Circuit Court of Appeals, Petitioner alleged that he had caused the detainer to be withdrawn from his inmate records by filing an action for mandamus in the Ohio courts. *See In re William Evans*, 17-4105, Sixth Circuit Court of Appeals, October 30, 2017, Doc. 4-2, at page 5. And indeed, on March 13, 2018, an Ohio appellate court denied Petitioner's action for mandamus because the ODRC had already removed any federal detainers that it had listed in its files for Petitioner. *State ex rel. Evans*, 2018 WL 1298914, at *1.

**Conclusion**

For the foregoing reasons, the Undersigned **RECOMMENDS** that Petitioner's petition for a writ of habeas corpus under § 2241 be **DENIED** and that this action be **DISMISSED without prejudice**. Further, Petitioner's Motion to Re-open This Case, ECF No. 46, is **DENIED** in light of this Order and Report and Recommendation.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE