IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William H. Evans, Jr.,

    Petitioner,

    v.                             Case No. 2:17-cv-424

U.S. Marshals Service,

    Respondent.

## OPINION AND ORDER

In his petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, petitioner alleges that while serving a term of incarceration at the Ross County Correctional Institute, he discovered that a detainer lodged by the U.S. Marshal's Service had been placed in his inmate records. Petitioner claims that this detainer is unauthorized and that it could have an adverse impact on his future parole eligibility. Plaintiff seeks an order that the detainer be removed from his records, or that he be promptly brought to trial on it. In response, respondent has indicated that a notice of investigation was filed with the Inmate Records Office on June 3, 2008, stating that respondent was investigating whether petitioner posed a threat to anyone under respondent's protection. Respondent stated that this investigation notice was not a detainer, as it was not based on an arrest warrant or indictment, and that it did not request that petitioner be detained until he could be taken into custody by another agency.

Petitioner has previously filed federal habeas actions asserting this same claim. Most recently, petitioner filed a §2241 petition in this court. See Evans v. Warden, Ross Corr. Inst., 2:14-cv-1451 (S.D. Ohio). This court dismissed that action,

holding that because petitioner could not establish that he was "in custody" for purposes of §2241, this court lacked jurisdiction to consider his claims. The Sixth Circuit Court of Appeals affirmed the dismissal of the petition, agreeing that petitioner was not "in custody" based on the alleged detainer. Evans v. Warden, Ross Corre. Inst., No. 15-3374 (6th Cir. May 3, 2016). See 2:14-cv-1451, Doc. 16.

The instant action was initially filed in the District of Columbia, and was transferred to this court on May 16, 2017. The case was then transferred to the Sixth Circuit Court of Appeals for a determination as to whether the action should be permitted to proceed as a second or successive petition. In a decision filed on March 20, 2018, the Sixth Circuit held that petitioner did not need to obtain permission to file a second or subsequent §2241 petition and remanded the case for further proceedings. See Doc. 44. That court also noted that although petitioner "now argues that the detainer has been withdrawn, to the extent that a detainer exists, he is not 'in custody' pursuant to it." Doc. 44, p. 4.[1]

Following remand, the magistrate judge issued a report and recommendation on June 25, 2018. The magistrate judge noted that petitioner had submitted a notice of a change of address indicating that he is now incarcerated in a facility located in Mahoning County, Ohio, located in the Northern District of Ohio. The magistrate judge concluded that this court is no longer a proper

---

[1]Shortly before the Sixth Circuit's decision, an Ohio court of appeals denied petitioner's request for a writ of mandamus, noting evidence that the alleged detainer had been removed from petitioner's inmate files. See State ex rel. Evans v. Mohr, No. 17AP-571 (10th Dist.), 2018 WL 1298914, *1 (Ohio App. March 13, 2018).

2

forum for this action. However, the magistrate judge recommended that the petition be dismissed rather than transferred to the Northern District, noting that the Northern District would have no jurisdiction under §2241 over petitioner's claims due to the Sixth Circuit's determination that petitioner is not "in custody" on the alleged detainer.

I. Standard of Review

Petitioner has filed objections to the report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

II. Petitioner's Objections

Petitioner's objections primarily address the issue of whether this action should be transferred to the Northern District of Ohio. Petitioner argues that he should not have been transferred to an institution in the Northern District while his appeal was pending. He further argues that regardless of whether this case is transferred to the Northern District, his petition should be addressed on the merits.

This court disagrees with the conclusion in the report and recommendation that this district is no longer a proper forum. Section 2241 provides in relevant part:

> Where an application for a writ of habeas corpus is made
> by a person in custody under the judgment and sentence of

> a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. §2241(d). Although petitioner is now confined in Mahoning County, in the Northern District of Ohio, he is in custody by reason of his conviction in the Court of Common Pleas of Scioto County, Ohio, located in the Southern District of Ohio. See State v. Evans, No. 05CA3002 (4th Dist. Scioto County), 2006 WL 1409812 (Ohio App. May 19, 2006). Under §2241(d), this district is a proper forum for the litigation of this case. See Brock v. Warden, Ross Corr. Inst., No. 2:16-CV-843, 2018 WL 4442591, *2 (S.D.Ohio Sept. 18, 2018)(where petitioner is in custody in the Southern District of Ohio and was convicted in the Northern District of Ohio, both districts have jurisdiction over the habeas petition); Malone v. Miller, No. 1:15-CV-1652, 2016 WL 7396005, *2-3 (N.D. Ohio Nov. 3, 2016)(venue was proper in the Northern District of Ohio, irrespective of petitioner's transfer to another institution, because petitioner's county of conviction was in the Northern District of Ohio).

However, the magistrate judge correctly concluded that petitioner's habeas claims should be dismissed for lack of jurisdiction under §2241 under the Law-of-the-Case Doctrine. See Keith v. Bobby, 618 F.3d 594, 599 (6th Cir. 2010). The Sixth Circuit has already determined, both in this case and in a previous case involving the same parties and the same alleged detainer, that petitioner is not "in custody" on the alleged detainer. This court

4

is bound by that determination.  A district court does not have jurisdiction to consider a case under §2241 unless a petitioner is "in custody" under the conviction or sentence under attack at the time his petition is filed or is under a consecutive sentence imposed at the same time as the conviction or sentence under attack.  See Garlotte v. Fordice, 515 U.S. 39, 41 (1995); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  Because petitioner cannot satisfy the "in custody" requirement of §2241, his petition must be dismissed.

III. Conclusion

Having reviewed the report and recommendation and plaintiff's objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court adopts the report and recommendation (Doc. 47) in part. This action is dismissed due to lack of jurisdiction under §2241 because petitioner is not "in custody" on the alleged detainer. The court also certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal would not be in good faith and that an application to proceed in forma pauperis would be denied.

The clerk is directed to enter final judgment dismissing this case.

Date: October 2, 2018              s/James L. Graham
                                     James L. Graham
                                     United States District Judge